### SNOW ET UX. *v.* WATSON

[No. 419, September Term, 1964.]

*Decided October 22, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, HORNEY, MARBURY and OPPENHEIMER, JJ., and FOSTER
and JONES, JJ., Associate Judges of the Eighth Judicial Cir-
cuit, both specially assigned.

*Thomas J. Wohlgemuth,* with whom were *Smith & Wohlge-
muth* on the brief, for the appellants.

*John A. Blondell* for the appellee.

PER CURIAM.

This appeal involves the custody of two children; one 7 years
of age; the other 5. We have repeatedly stated that in such cases
the paramount issue to be determined is what will best subserve
the interest of the children. In most cases of this nature, the par-
ties (in the one at bar, the maternal grandparents v. the father)
make a satisfactory record for the courts so that that issue may
be decided; but, when they do not, the trial courts, *sua sponte*
may require the production of additional evidence, and may
order investigations and reports from available state and local
agencies.

In the instant case, there has been improperly included in
the record extract a report from the Department of Welfare
of the State of West Virginia in the nature of a letter from a
Social Worker of that Department to Chief Judge Evelyn Smith
of the Orphans' Court of Anne Arundel County. She, of course,
was not sitting in the case, and the letter was not offered or re-
ceived into evidence. The letter is clearly not properly before us.

The solicitor for the appellants requested the trial court to
have investigations made by official public agencies of both Anne
Arundel County and the State of West Virginia, the father's
home.

It would serve no useful purpose, at this time, to set forth
the evidence adduced below. Suffice it to say that it sorely lacked
the ingredients necessary to bring before the court a full dis-
closure of the crucial matters essential to a proper disposition

of a custody case. The trial judge, we think, should have granted the request of appellants' solicitor, and had a full investigation made of the grandparents' home, their living conditions, educational facilities that would be available to the children, etc., and a like investigation made of the father's home, living conditions, etc. We will, therefore, remand the case, pursuant to Maryland Rule 871 a, without affirmance or reversal for further proceedings, wherein the parties shall have the opportunity, if they desire, to offer additional evidence, and the court shall obtain reports from the proper available official agencies.

This ruling makes it unnecessary to act further upon appellee's "motion to correct record."

> *Case remanded without affirmance or reversal for further proceedings; costs to abide the result.*