## KREBS *v.* KREBS

[No. 15, September Term, 1969.]

*Decided October 13, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN and SMITH, JJ.

*Walter S. Furlow, Jr.,* with whom were *Lambert, Furlow, Elmore & Heidenberger* on the brief, for appellant.

Submitted on brief by *Judson R. Wood* for appellee.

SMITH, J., delivered the opinion of the Court.

We are here concerned with the propriety of an order passed granting custody to the mother of a girl now 12 years of age and of a boy now 9 years of age. We shall remand the proceeding without affirmance or reversal.

The parties were divorced on August 11, 1964. Custody of the children at that time was changed from the mother to the father. "War" between the mother and the father then began in earnest. The docket entries subsequent to the divorce printed in the record extract fill almost five pages. The mother sought immediately to have the custody order revised. The attitude of the parents may be demonstrated by the fact that the father had the mother cited for contempt for her alleged refusal to obey the first custody order and the mother sued out a writ of habeas corpus when she claimed the father refused to comply with the last custody order. The mother had the father enjoined from taking the children outside the jurisdiction of the state. A year later she consented to the father's motion to dissolve the injunction. The father then took the children to Germany for a visit without notification to the mother.

Judge Moorman in the Circuit Court for Montgomery County heard the original divorce and custody proceeding. He sat in the hearings on both petitions of the mother for modification of the custody decree as well as in the hearing on the mother's petition for placement in a foster home. He ordered and received a number of reports from the Department of Parole and Probation relative to the children. He had before him 24 depositions. The last custody hearing consumed three days.

The chancellor on October 15, 1968, filed an opinion in which he said that it was the court's view "that the best interest of the pubescent daughter and her brother would best be served in the custody of their mother" and signed a decree accordingly.

Pursuant to that decree the children have been in the custody of the mother for approximately one year.

No useful purpose would be served by a review of all the facts brought before the chancellor. It appears that both homes are proper homes.

The father urges upon us the reasoning of *Winter v. Crowley*, 231 Md. 323, 190 A. 2d 87 (1963), and *Glick v. Glick*, 232 Md. 244, 192 A. 2d 791 (1963), in support of

the proposition that the custody of children should not be disturbed unless there is some strong reason affecting the welfare of the children. That very proposition gives this Court cause for concern in this case.

We are not here dealing with chattels. We are dealing with two growing children who, undoubtedly, love both of their parents, and who are loved by both of their parents, children who have suffered tremendously from the trauma of their parents' separation and the warfare between the parents. This warfare dates back at least to the docketing of a bill of complaint in the Circuit Court for Montgomery County in November of 1962.

The children were with the mother. Then for approximately four years they were with the father. Now they have been with the mother again for approximately one year. If the present custody arrangements with the mother are satisfactory and if we were to now change that custody, we would not be acting in the best interest of the children. The opinions of this Court are replete with statements similar to that made by Chief Judge Hammond in *Fanning v. Warfield,* 252 Md. 18, 248 A. 2d 890 (1969), to the effect that the ultimate test is the best interest and welfare of the child. See, for instance, *Shanbarker v. Dalton,* 251 Md. 252, 257, 247 A. 2d 278 (1968) ; *Heaver v. Bradley,* 244 Md. 233, 242, 223 A. 2d 568 (1966) ; and *Snow v. Watson,* 240 Md. 712, 713, 213 A. 2d 748 (1965).

We believe the best interest and welfare of the children here would be served by remanding this case under Maryland Rule 871 a for further evaluation of the present custody arrangement. If it is determined that the children are making a satisfactory adjustment in the home of the mother, then we do not believe it would be in the best interest and for the welfare of the children to again change the custody arrangement. Obviously, if further proceedings were to reveal that the present arrangements are unsatisfactory, the chancellor would be obliged to consider what solution would bring about the best results for the children. Frequent change of custody

does not contribute to that feeling of security essential to the mental well being of growing children.

> *Remanded for further proceedings without affirmance or reversal, costs to be paid by the appellant.*